**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rosemary Torres, *on behalf of herself and others similarly situated,* | Civil Action No. |
| *Plaintiffs,* | **RULE 23 CLASS ACTION COMPLAINT** |
| -against- | **Jury Trial Demanded** |
| Bright Horizons Children's Centers LLC, | |
| *Defendant,* | |

Plaintiff Rosemary Torres ("Plaintiff") on behalf of herself and others similarly situated (collectively, "Plaintiffs"), brings this action as proposed class representative, for damages and other legal and equitable relief against defendant Bright Horizons Children's Centers LLC ("Defendant" or "Bright Horizons"), upon personal knowledge as to herself and upon information and belief as to others, for violations of New York State Labor Law ("NYLL") and any other causes of action that can be inferred from the facts set forth herein:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover prejudgment interest, liquidated damages, attorneys' fees and expenses, and post judgment interest on account of Defendant's untimely payment of wages to Plaintiff and others similarly situated.

2. Defendant compensates its workforce of caregivers on a biweekly basis.

3. Caregivers are manual workers as that term is used in Section 191 of the New York Labor Law.

4. Manual workers under NYLL 191 must be paid within seven calendar days after the end of the week in which wages are earned.

5. Plaintiff brings this action on behalf of herself and all other similarly situated workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy

violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

6.　　　Workers similarly situated to Plaintiff include all employees of Defendant who worked as caregivers providing temporary childcare services during the relevant statutory period.  This complaint refers to Plaintiff and those similarly situated as "Manual Workers."

7.　　　The relevant statutory period is six years preceding the date of the filing of this complaint.

## JURISDICTION AND VENUE

8.　　　This court has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff resides in New York and is a citizen of that state, while Defendant Bright Horizons is a citizen of Delaware, pursuant to § 1332(c)(1).

9.　　　This court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

10.　　There are over 250 members in the proposed class.

11.　　Defendant is subject to personal jurisdiction in New York as it does business in New York.

12.　　Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

**PARTIES**

13.     Plaintiff Rosemary Torres is an adult, over eighteen years old, a citizen of New York State and resides in Bronx County.

14.     Plaintiff was, throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be paid in full for all hours worked on a weekly basis.

15.     Defendant Bright Horizons is a foreign limited liability corporation, organized and existing under the laws of the State of Delaware, with a service of process address of 200 Talcott Avenue, Watertown, Massachusetts 02472.  Bright Horizons Children's Centers LLC is the entity on Plaintiff's W2.

16.     The Defendant is considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiff's employment.

17.     Defendant maintained control, oversight, and direction over Plaintiff and similarly situated Manual Workers in regards to timekeeping, payroll, and other employment practices, and functioned as employers pursuant to the NYLL.

18.     Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiff and other Manual Workers, is considered an employer under the NYLL §190(3).

**CLASS ALLEGATIONS**

19.     Plaintiff brings this action pursuant to the Class Action Fairness Act, on behalf of herself and a class of persons consisting of:

> All Bright Horizons employees paid bi-weekly and providing caregiver services, either at home child care, or at Bright Horizons back-up and full service child care centers in New York State who give their consent, in writing, to become party plaintiffs, and were

employed between the date six years preceding this complaint and the date a final judgment in this action is entered (hereinafter the "Class").

20.     The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

21.     There are more than 250 members of the Class.

22.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

23.     Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct.  Defendant's corporate-wide policies and practices affected everyone in the Class similarly and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

25.     Plaintiff is represented by attorneys who are experience and are competent in both class action litigation and employment litigation and have previously represented many plaintiffs, and several classes in wage and hour cases.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

4

unnecessary duplication of efforts and expense that numerous individual actions engender.

27.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, the following:

a.    whether Defendant compensated Plaintiff and the Class on a timely basis?

## PLAINTIFF'S FACTUAL ALLEGATIONS

28.     Plaintiff Rosemary Torres was employed by Defendant as a "Caregiver" from around August 2015 to June 2016 and then again from December 2021 to  March 2022.

29.     Plaintiff reported to a physical child care center in the State of New Jersey in August 2015 to take part in an interview process during which Defendant observed her interacting with children.

30.     Plaintiff terminated her employment in 2016 to attend college.

31.     In December 2021, Plaintiff began her reapplication to Bright Horizons visiting the company's main website.  In 2021, Defendant conducted the entire hiring process virtually. Letitia Armstrong, the same supervisor that Plaintiff had in 2016 reached out to her from Bright Horizons, remembered Plaintiff working for her, and resumed being her supervisor.

32.     Defendant Bright Horizons Children Centers LLC, the entity on Plaintiff's W2 in 2016, resumed her employment as the same entity in 2022.

33.     During her employment, Plaintiff worked for Defendant as a babysitter or nanny watching children in their parents' homes in New York County and in the County of Queens.

34.     Upon information and belief, Bright Horizons employs more than 250

employees as caregivers like Plaintiff.

35.     During her employment, over twenty-five percent of Plaintiff's duties were physical tasks, including but not limited to: (1) Changing diapers; (2) cleaning after the kids; (3) keeping the toys organized  (4) taking kids to the park and (5) feeding the kids. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff has been compensated by Defendant on a bi-weekly basis.

36.     Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Plaintiff has been compensated by Defendant on a bi-weekly basis throughout his employment.  Upon information and belief, all other Manual Workers at the location employed by Defendant were paid on the same bi-weekly basis.

37.     In this regard, Defendant failed to pay Plaintiff her wages earned from January 2022 to the present as required by NYLL § 191(1)(a).

## CAUSE OF ACTION

### *Violations of the New York Labor Law – Failure to Pay Timely Wages*

38.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and other similarly situated Manual Workers.

40.     Defendant failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a).

41.     Due to Defendant's violations of the NYLL, Plaintiff and are other similarly situated Manual Workers are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and

6

post-judgment interest as provided for by NYLL § 198.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, individually, and on behalf of similarly situated Manual Workers

respectfully requests that this Court grant the following relief:

A.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of

    Civil Procedure;

B.  Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as

    Class Counsel;

C.  Liquidated damages permitted by law pursuant to the NYLL;

D.  Prejudgment and post-judgment interest;

E.  Reasonable attorneys' fees and costs of the action; and

F.  Such other relief as this Court shall deem just and proper.

**<u>JURY DEMAND</u>**

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      May 26, 2022

                                  **LAW OFFICE OF MOHAMMED GANGAT**

                                By: _____

                                   Mohammed Gangat, Esq.
                                   675 Third Avenue, Suite 1810
                                   New York, NY 10017
                                   (718) 669-0714
                                   mgangat@gangatllc.com

                                   *Attorneys for Plaintiff*